UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
03-CR-357(JMR/RLE)
06-CV-3018 (JMR)

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Arlen W. Jourdain | ) | |

Petitioner, Arlen W. Jourdain, seeks relief pursuant to 28 U.S.C. § 2255.  His petition is denied.

I.  Background

On July 1, 2002, petitioner was at liberty, and on pretrial release as a consequence of criminal charges related to a stabbing. That same day, he, Harry Desjarlait, and Duane Maxwell drove around the Red Lake Indian Reservation until they saw Clayton Cobenais. During an ensuing encounter, Clayton Cobenais was shot and killed.

On July 2, 2002, petitioner was taken into custody on the stabbing charge, and Duane Maxwell committed suicide.  Harry Desjarlait was initially the sole defendant in an indictment charging him with Mr. Cobenais's murder.

On October 21, 2002, Mr. Desjarlait pleaded guilty to murder in the second degree.  During the plea, he admitted that he and petitioner had confronted Mr. Cobenais, intending to assault him, when Mr. Maxwell fatally shot him.

On October 21, 2003, petitioner was charged in a four-count indictment related to Mr. Cobenais's murder.  Count 1 charged

petitioner with conspiracy to commit assault resulting in serious bodily injury, in violation  of  18 U.S.C. §§ 371 and 113(a)(6); Count 2 charged him with aiding and abetting murder, in violation of 18 U.S.C. §§ 1111 and 2; Count 3 charged him with aiding and abetting assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(2) and 2; and Count 4 charged petitioner with aiding and abetting discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).

During the trial, petitioner denied any part in the killing, claiming that, although he was present when Cobenais was killed, he was in the car while Maxwell and Desjarlait carried out the assault.  Over government objection, defendant introduced hearsay statements made by R.A.,[1] a six-year-old witness to the crime. According to trial testimony, R.A. spoke to his grandmother immediately after the assault and told her he had seen Desjarlait and another man who fit Maxwell's description participate in the crime.  He did not identify petitioner as a participant.  The government sought to introduce contradictory statements the child made to a psychologist the next morning.  These statements were barred.  Neither party sought the testimony of the child.

On August 9, 2004, a federal jury returned a verdict of guilty against Mr. Jourdain on Count 3, and acquitted him on Counts 1 and

---

[1]Petitioner identifies the child using his full name.  For purposes here, the Court refers to the child as R.A.

2.  Count 4 was dismissed by the Court pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  On February 28, 2005, the Court sentenced petitioner to 48 months imprisonment, 3 years supervised release, $3,000 restitution, and a $100 special assessment.  On October 4, 2005, the Eighth Circuit Court of Appeals affirmed his conviction and sentence on direct appeal. United States v. Jourdain, 433 F.3d 652 (8th Cir. 2006), cert. denied, 126 S. Ct. 2004 (2006).

Petitioner now claims he was denied his Sixth Amendment rights to effective assistance of counsel, to a speedy trial, and to confront his witnesses.  He claims that:  (1) the government failed to call R.A. to testify, thus depriving him of his right to cross-examine the witness; (2) the delay between his indictment and trial violated his right to a speedy trial; (3) his trial counsel's failure to call R.A. as a witness constituted ineffective assistance; (4) his appellate counsel's failure to brief issues related to the nonappearance at trial of R.A. constituted ineffective assistance of counsel; and (5) that his trial counsel's failure to seek dismissal of the charges for a speedy trial violation constituted ineffective assistance of counsel.  Mr. Jourdain's petition fails on all counts.

II.  Discussion

A.  Speedy Trial

The Speedy Trial Act, 18 U.S.C. § 3161 (1988), requires that a criminal defendant be tried within 70 days of the indictment, or the date of first appearance before a judicial officer, whichever is later.  Id., § 3161(c)(1).  A violation of the Speedy Trial Act results in the dismissal of the indictment "on motion of the defendant."  18 U.S.C. § 3162(a)(2).  Petitioner did not file a motion to dismiss the indictment on speedy trial grounds; therefore, he has waived any violation of the Speedy Trial Act. United States v. Kaylor, 877 F.2d 658, 663 (8th Cir. 1989).

Even in the absence of a waiver, the Court finds no Speedy Trial violation in this case.  The Act excludes certain periods of time from its 70 day calculation, including time during which pretrial motions are pending. Id. at § 3161(h).  Petitioner was indicted on October 21, 2003, and made his first appearance on November 21, 2003, starting the speedy trial clock.  The trial began on August 2, 2004, ending the pretrial period.  Between petitioner's first appearance and trial, 273 days elapsed, and no fewer than 227 days were excluded from the calculation of speedy trial time, primarily due to the submission and consideration of pretrial motions.  Thus, while 273 calendar days passed, only 46 Speedy Trial days were expended, far short of the Act's 70 days.

4

The Court balances four factors in evaluating a Sixth Amendment speedy trial claim: (1) the length of the delay; (2) the reasons for the delay; (3) the timeliness and vigor of the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). Given the timeliness of trial in this case, the statutorily-permitted reasons for delay, the fact that petitioner never raised the issue of speedy trial until now, and the absence of any showing of prejudice in securing a just and fair trial, the Court finds no Sixth Amendment or Speedy Trial Act violation.

B.   Confrontation Clause

Petitioner claims the government violated his Sixth Amendment right to confront his accusers by declining to call R.A. to testify. This claim also fails. The government, of course, enjoys wide discretion in choosing the witnesses it calls to prove its case. United States v. Mosby, 422 F.2d 72, 74 (8th Cir. 1970). Simply put, the government was under no obligation to call R.A. as a witness. Petitioner was given, and availed himself of, an opportunity to cross-examine the witnesses who testified against him. He neither alleges, nor offers any evidence to show any governmental interference with his own ability to subpoena R.A. to testify. The Court finds petitioner's right to confront witnesses was in no way violated.

C.  Ineffective Assistance of Counsel

Petitioner makes three claims of ineffective assistance of counsel. Such claims are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). To prevail, a petitioner must show: first, "that counsel's representation fell below an objective standard of reasonableness," id. at 688; and second, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

1.  Counsel's Representation Was Effective

Petitioner has not shown any instance of ineffective representation. He claims his trial counsel should have sought dismissal of the charges for violation of the Speedy Trial Act, and that his appellate counsel should have raised the government's failure to call R.A. as an appellate issue. As stated above, these arguments are without merit. Counsel has no duty to raise meritless claims, and it is not unreasonable for an attorney to decline to do so. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994). Accordingly, the Court finds no ineffective representation.

Petitioner further claims his trial counsel should have called R.W. as a witness, a claim which also fails. An attorney's strategic trial decisions are not ineffective simply because they were ultimately unsuccessful. James v. Iowa, 100 F.3d 586, 590 (8th Cir. 1996). Indeed, there is a strong presumption that

6

counsel's challenged actions or omissions were, under the circumstances, sound trial strategy. Strickland, 466 U.S. at 689. Petitioner's trial counsel called R.A.'s grandmother to present R.A.'s contemporaneous description of the murder, and the government unsuccessfully argued it to be excludable hearsay.

Through the grandmother's testimony, petitioner was able to elicit R.A.'s recollection that: (1) petitioner did not exit the car; (2) petitioner's co-conspirators exited the car; and (3) R.A. identified the shooter as someone other than petitioner. Trial counsel successfully argued against the introduction of a contradictory statement made by R.A. to a psychologist. Petitioner's trial counsel's decision against calling R.A. to testify avoided the risk that R.A. might testify contrary to his grandmother's recitation, avoided a possible failure of recollection by the child years after the event, and even the possibility that the child might testify in a wholly different fashion. The Court finds trial counsel's tactical decision to introduce R.A.'s exculpatory statements through his grandmother's testimony – and by doing so, to avoid cross-examination of the child – entirely reasonable. There is absolutely no evidence of ineffective representation.

For these reasons, the Court finds petitioner has entirely failed to show any evidence that his counsel's representation fell below an objective standard of reasonableness.

2.   An Absence of Prejudice

Even assuming a scintilla of evidence of ineffective representation, petitioner is unable to show any prejudice. Petitioner's speedy trial issues, and any appeal on those grounds, are futile.  Likewise, petitioner has shown no prejudice arising from trial counsel's decision against calling R.A. as a witness. There is no suggestion that R.A. would have offered additional exculpatory evidence beyond his exculpatory statements transmitted by his grandmother.  Petitioner has entirely failed to show any basis upon which a court could find that, had R.A. been called as a witness, petitioner would have been acquitted.  As an ineffective assistance of counsel claim cannot be based on a failure to raise losing arguments, petitioner's claim fails.  See Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990).

III.  Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA").  See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).  The Court concludes that no issue raised is "debatable among reasonable jurists" or deserving of further proceedings.  Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

8

IV.  <u>Conclusion</u>

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1.  Petitioner's motion for relief pursuant to § 2255 [Docket No. 89] is denied.

2.  No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 27th, 2007


    s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge